**JEFFORDS et v
JOHN HANCOCK MUT LIFE INS CO et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1306.   Decided Feb 7, 1935

Kelly & Knee, Dayton, for Thomas H. Wick, Trustee for Otto E. Ford, an insane person, appellant.

Heald, Zimmerman, Clark & Machle, Dayton, for appellee, Martha Louise Jeffords.

## OPINION

**By HORNBECK, PJ.**

A motion to dismiss the appeal has been filed by Jeffords on the ground that the action is not one recognized as a chancery proceeding and, therefore, not appealable. Citing **Kosinski v Rochowiak, 40 Oh Ap, 299 (10 ABS 373).** The motion will be overruled. Hornbeck & Adams, Trial & Appellate Practice in Ohio, §131, page 241, citing **Bankers Life Co. v Waters, 39 Oh Ap, 343 (8 ABS 742); Waters v Corlett, 123 Oh St, 632.**

We have considered the testimony which was offered in this court, together with the splendid briefs of counsel for the parties. We have set out the proceedings chronologically and with considerable detail because it has been suggested that the procedure of Mattie L. Jeffords after instituting her action as administrator for the benefit of the estate in asserting as an individual her claim as the beneficiary of Julia E. Ford was not in good faith but an afterthought stimulated by the judgment in the criminal action that Otto E. Ford was not guilty because of insanity and therefore could not be held to have intentionally and feloniously killed his wife.

Where two theories, one of which is as reasonable as the other, are presented to account for the action of an individual, that one which accords the benefit of good faith to the actor should be accepted. Such determination is well within the implications of the facts in this record. The petition of Jeffords as administrator was filed the day following the tragic death of Julia E. Ford. The relief prayed is based upon a technical knowledge of the law, no doubt unknown to Mattie Jeffords and probably hurriedly suggested by counsel, who was

acquainted with the law. Likewise, the effect of the threats against and the conduct of Otto E. Ford toward his wife upon his status as beneficiary in the policy of insurance was in the field of the law and probably unknown to Mattie Jeffords. Upon a full presentation of the facts the attorneys for Mrs. Jeffords presented them in her answer and cross petition as the basis for the relief sought. They are well supported in the record and must, therefore, he presumed to have existed though not advanced in the petition.

It is strenuously urged by counsel for Ford that no duress was established by the degree of proof required; that if duress was present the change of beneficiary from Jeffords to Ford was voidable and not void and that Jeffords had no standing as a claimant to the money since she had no vested rights in the proceeds of an insurance policy, in which the right to change the beneficiary was reserved to the insured.

Discussing the questions presented generally, we are of opinion that the evidence clearly establishes that the insured, Julia E. Ford, was, at the time that she changed her beneficiary from Martha Louise Jeffords to Otto E. Ford, under fear and compulsion of her husband, and that said duress was continuing and effective up to the time of her death.

There are cases wherein the distinction between void and voidable acts is vital to a determination of the question presented. Under the facts in the instant case we believe that the differentiation is without helpful effect.

The record discloses that Otto E. Ford engaged in frequent, continued, terrifying threats against his wife, accompanied by a menacing manner, physical violence, the display of firearms and the discharge thereof. The dominant theme of these manifestations was the insurance which his wife held on her life. The monumental fact in this case is that, as he said he would, the husband did kill his wife. Whether or not he was insane when the killing was done affects not at all the state of mind under which his wife was laboring because of her fear that he might consummate the act which he committed. The acts and conduct of an insane man would be more effective to stimulate fear in another than those of a man of normal mentality. In this case, when it is established by the record that duress caused Julia Ford to act against her volition and change her beneficiary then,

unless and until this compulsion was removed, the act remained her involuntary deed and could not be permitted to effectuate that which, on the face of the policy, it accomplished.

Because of the peculiar facts in this case it is not necessary to consider, discuss and distinguish a voidable from a void act in the change of the beneficiary.

As proof of ratification counsel for Ford urge the evidential fact that Julia E. Ford, after changing the beneficiary in the policy under consideration from Mattie Jeffords to Otto E. Ford, took another policy of life insurance in the sum of $500.00, in which Mattie Jeffords was named beneficiary. This testimony has been considered but in our judgment is not sufficient to meet the strength of the case of duress which accomplished the change of beneficiary and which continued and eventually resulted in the killing of the insured. Had the act of Julia E. Ford in taking another life insurance policy payable to her sister been accompanied by or followed with a change for the better in the relation of the Fords toward each other it would weigh more. On the contrary, the attitude of Ford toward his wife was progressively more menacing and dangerous.

Next it is claimed that Martha Jeffords cannot maintain the action because being but a beneficiary she had no vested rights in the proceeds of the policy. True she had no vested rights as a beneficiary in the policy during the lifetime of the insured, but upon the insured's death, if Martha Jeffords was the rightful beneficiary, then her contingent interest ripened into a vested interest and she is a real party in interest with the right to maintain the suit. **Oetting v Sparks, 109 Oh St, 94; Katz v The Ohio National Bank, Exr., 127 Oh St, 531.**

We have not considered the testimony of Martha L. Jeffords, the appellee. Her testimony is not competent under §11495 GC. The party adverse to her in the cause is the trustee of an insane person. §11249 GC. She is not only adverse in title but in interest. The letter and the spirit of the statute preclude the acceptance of her testimony.

Decree for appellee, Martha Louise Jeffords, as prayed in her answer and cross petition.

KUNKLE and BARNES, JJ, concur.